IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WEISCHSEL FARM LIMITED PARTNERSHIP**, | § § § § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:09-CV-672-L** |
| | § | |
| **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**, | § § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank's Motion to Intervene, filed October 20, 2009. The Federal Deposit Insurance Corporation (the "FDIC") seeks intervention as a matter of right in this action as a defendant to assert defenses and counterclaims against Plaintiff Weischsel Farm Limited Partnership ("Plaintiff").

Washington Mutual Bank ("WaMu") is the failed financial institution at the subject of this litigation. On September 25, 2008, the Office of Thrift Supervision of the Treasury Department declared WaMu insolvent and placed it into receivership. The FDIC was appointed to serve as WaMu's receiver, and Defendant JPMorgan Chase Bank, N.A., ("JPMC") acquired the substantial majority of WaMu's assets and liabilities as a result of a Purchase and Assumption Agreement ("the PAA") that JPMC entered with the FDIC. Plaintiff brought this action against JPMC on April 13, 2009, and contends that JPMC has renounced the express terms of the PAA by failing to assume certain rights and liabilities concerning specific real estate covered by the agreement.

The FDIC argues that although Plaintiff is a stranger to the PAA, Plaintiff nevertheless asks the court to render an interpretation of the PAA that is contrary to the interests of the FDIC and

**Memorandum Opinion and Order – Page 1**

JPMC. Further, the FDIC contends that Plaintiff's views and claims are directly contrary to the views and claims of the FDIC in this matter and that it is essential for these issues to be resolved in favor of the FDIC, as these issues concern the policies and procedures that the FDIC serves, including consumer confidence in banks. Given the FDIC's interest in these proceedings, it argues that intervention is appropriate and permitted under Rule 24(a)(2) of the Federal Rules of Civil Procedure.

Plaintiff objects to the FDIC's intervention because it contends that, regardless of the outcome in its lawsuit against JPMC, the rights and interests of the FDIC will be unaffected. Further, Plaintiff contends that it has already sought relief against the FDIC in a separate lawsuit and requests that, if the court grants the FDIC's motion to intervene in this case, the two cases be consolidated.[*]

The court believes that the FDIC should be allowed to intervene as a defendant in this case as a matter of right under Rule 24(a)(2). As this litigation will require the court to interpret a contract entered into by JPMC and the FDIC, and as JPMC is a defendant that will lack the same level of incentive or urgency to advocate for and defend the public interest (as opposed to JPMC's own private interests) that the FDIC represents, it is clear that the FDIC's intervention in this action is appropriate. The court rejects any contentions of Plaintiff that intervention should be denied because of inconsistent positions allegedly held by the FDIC with respect to its liability under the lease of the real estate at issue in this case. The court has reviewed the record and Plaintiff's exhibit,

---

[*]If Plaintiff believes that its separate lawsuit against the FDIC should be consolidated with this case, Plaintiff must first file a motion in that other proceeding to transfer that case to this court's docket. If the transfer is granted, Plaintiff must then file a motion in this action to consolidate the two cases, upon the court's receipt of the other case.

**Memorandum Opinion and Order – Page 2**

and it did not conclude that the FDIC's positions were necessarily inconsistent. Even if the positions were inconsistent, the court still believes that intervention is appropriate under Rule 24(a)(2).

For the reason stated herein, the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank's Motion to Intervene is **granted**. The clerk of the court is **directed** to add the "Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank" as a defendant to this case. The FDIC is **directed** to file its answer and counterclaims against Plaintiff no later than **April 11, 2011**.

**It is so ordered** this 31st day of March, 2011.

Sam A. Lindsay
United States District Judge